**58**

NEW HAMPSHIRE INSURANCE COM-
PANY, a foreign corporation, Appellee,

v.

POWER–O–PEAT, INC., a Minnesota cor-
poration; Todd Leoni and Kay Kaub-
sky, each individually and d/b/a Gar-
dener Kay, Inc.;

Organic Conversion Corporation, a
Minnesota corporation, Appellant,

Sidney Seplowing; Garden Marketing
Associates, Inc.; Hyponex, Inc.

No. 89–5518.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1990.

Decided June 22, 1990.

Bruce C. Recher, Minneapolis, Minn., for
appellant.

Robert W. Ketterin, Jr., Minneapolis,
Minn., for appellee.

Before MAGILL, Circuit Judge, ROSS,
Senior Circuit Judge, and BEAM, Circuit
Judge.

PER CURIAM.

Power–O–Peat, Inc. is a Minnesota corpo-
ration engaged in the business of packag-
ing and distributing soil additive products.
New Hampshire Insurance Company (New
Hampshire) provided various forms of in-
surance for Power–O–Peat from 1985 to
1988, including a policy of comprehensive
general liability insurance which provided,
among other things, advertising injury lia-
bility coverage.

In 1986, Organic Conversion Corporation
(Organic) filed suit against Power–O–Peat
alleging various violations of the Lanham
Act, 15 U.S.C. § 1125(a), and unfair compe-
tition under Minnesota law. Organic's
complaint essentially alleged that Power–
O–Peat had mislabeled its composted cow
and sheep manure products. On May 22,
1989, Organic and Power–O–Peat entered
into a settlement agreement whereby Pow-
er–O–Peat consented to an injunction .and
entry of judgment against it in the amount
of $200,000, payable solely from insurance
proceeds. Power–O–Peat assigned its
rights and claims under its insurance policy
with New Hampshire to Organic.

New Hampshire contends that no cover-
age existed under its policy for the claims
made by Organic because the actions of
Power–O–Peat were excluded under exclu-
sion II.B(6)(c) of the policy. Exclusion II.
B(6)(c) states: "This insurance does not
apply to advertising injury arising out of
incorrect description or mistake in adver-
tised price of good [sic], products or servic-
es sold, offered for sale or advertised."
New Hampshire argues that the exclusion
covers both incorrect description of goods
and mistake in advertised price of goods.
Because Organic's complaint essentially
states that Power–O–Peat falsely described

the contents of its product, New Hampshire concludes that Power–O–Peat's actions fall within the scope of the exclusion.

Organic contends, on the other hand, that the ambiguous language of exclusion II.B(6)(c) can be read to exclude only an incorrect description in price or a mistake in price and does not exclude an incorrect description of goods.

The district court concluded that the plain language of the exclusion in question unambiguously excluded both incorrect description of goods and mistake in advertised prices. The court reasoned, first, that Organic's restricted interpretation of the exclusion language would render the use of either "incorrect description" or "mistake" redundant if both referred to "advertised prices." Second, the court stated that Organic's suggested interpretation would result in the misuse of the preposition "in" when coupled with the word "description." The court held that Organic's claim fell within the II.B(6)(c) exclusion and concluded that New Hampshire had no duty to indemnify its insured.

We have carefully studied the record and the briefs and arguments of the parties and conclude that the district court did not err in granting summary judgment in favor of New Hampshire. Accordingly, the judgment of the district court is affirmed.